CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER DOLINKO & SCHWARTZ, P.C.
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone: (415) 810-9486

Attorneys for Plaintiff
ANDREA HULL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA HULL, an individual,

Plaintiff,

v.

EPIC SYSTEMS CORPORATION, a Wisconsin corporation; BOOST, INC., a Wisconsin corporation,

Defendants.

Case No. 4:26-cv-07702-AMO

**PLAINTIFF ANDREA HULL'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Date: Thursday, January 7, 2027
Time: 2:00 p.m.
Courtroom: 5, 2nd Floor, 1301 Clay Street, Oakland
Judge: Hon. Araceli Martínez-Olguín

Action Filed: July 24, 2026
Trial Date: None set

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, January 7, 2027, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, 2nd Floor, of the United States Courthouse, 1301 Clay Street, Oakland, California, before the Honorable Araceli Martínez-Olguín, Plaintiff Andrea Hull will and hereby does move the Court, under Federal Rule of Civil Procedure 65, Business and Professions Code sections 16600.5(e)(1) and 17203, and Labor Code section 2699(e)(1) and (k)(1), for a preliminary injunction against Defendants Epic Systems Corporation and Boost, Inc. (together, "Epic"), and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, during the pendency of this action.

This motion concerns Epic's policy of requiring employment restraints in its employee-side and employer-side agreements. Epic's wrap-around restraints effectively restrain the trade and profession of everyone in the labor market for Epic-related work, including Plaintiff, because even if one individual's restraints expire, they are still restrained by the restraints imposed on everyone else. The restraints are more fully described in Part II of the accompanying Memorandum of Points and Authorities and quoted in Appendix A to it (the "Restraints"). The six time-bound restraints in Section 4 of the Boost, Inc. Employment Agreement dated June 19, 2025 and its Annexes (the competitor, customer, consultant-and-partner, and new-business non-competes and the business and employee no-solicitation covenants); the four no-use-or-disclosure restraints in Section 2 of that agreement; the corresponding provisions of Ms. Hull's 2014 Epic Systems Corporation Employment Agreement, her 2018 Boost, Inc. Employment Agreement, her 2021 international assignment agreement, and the annex update Epic posted to her account in March 2026; the twelve-month "waiting period" Epic applies to former employees in issuing UserWeb accounts; and the no-hire, waiting-period, and work-assignment provisions in Epic's contracts with its customers, consultants, and cooperative partners. As used in this Notice and in the Memorandum, an "employment restraint" includes each of the Restraints and any materially

similar provision, in whatever instrument it appears and on whichever side of the employment relationship it binds.

Ms. Hull asks the Court to preliminarily enjoin Epic, on behalf of herself, as well the State and other aggrieved employees, from attempting to enforce or enforcing, directly or indirectly, whether through self-help or otherwise, any employment restraint against: (1) Plaintiff; (2) any person residing, working, or seeking employment – whether on a virtual or in-person basis – in California; (3) any employer headquartered or incorporated in California; and (4) any foreign employer doing business in California, with respect to such business.

Ms. Hull further asks the Court to take judicial notice of the existence and terms of the five public Epic customer contracts attached to the Declaration of Chris Baker as Exhibits 7 through 11, of the public web pages collected in Exhibit 6 to that declaration, and of Epic's UserWeb Terms of Use and registration page as printed on September 29, 2026 (Exhibit 4), see Civil Standing Order § H.3, and to set bond under Rule 65(c) in the nominal amount of $1,000.

The motion is made on the grounds that each of the Restraints is illegal under Business and Professions Code sections 16600(a)–(c), 16600.1, and 16600.5(a)–(b), regardless of when or where it was signed or where the employment was maintained; that the employee-side restraints also violate PAGA through violations of Labor Code sections 232, 232.5, and 1197.5(k); that Epic further violated PAGA through its violations of Labor Code section 432.5 by requiring Ms. Hull and its other California employees to agree in writing to terms it knew to be prohibited by law; that Epic's conduct – posting updated lists of forbidden employers to Ms. Hull's account on her departure, taking her written acknowledgment of its "waiting periods," telling her and Abbott that its restraints "still apply," denying her UserWeb credentials, enforcing the no-hire and duties restraints in its Abbott license, and issuing her a revocable "waiver" confined to its California customers – constitutes attempts to enforce void contracts in violation of section 16600.5(b) and (d) and unfair competition under section 17200; that Ms. Hull, in addition to the aggrieved employees, and the public are suffering irreparable harm; that the balance of equities and the public interest favor an injunction; that complete relief to Ms. Hull requires an order reaching the market in which she sells her labor; and that Epic's letters of July 31 and September 14, 2026 and

its email of October 1, 2026 do not moot the motion. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Appendix A thereto, the Declaration of Andrea Hull and the exhibits thereto, the Declaration of Chris Baker and the exhibits thereto, and the request for judicial notice contained in Part II.E of the Memorandum, the pleadings and records on file in this action, and such further evidence and argument as may be presented at or before the hearing.

Dated: October 3, 2026

BAKER DOLINKO & SCHWARTZ, P.C.

By: ______________________________
Chris Baker
Attorneys for Plaintiff Andrea Hull