# EXHIBIT 1

Michael Best

**Michael Best & Friedrich LLP**
**Attorneys at Law**
**Amy O. Bruchs**
**T** 608.283.2253
**E** aobruchs@michaelbest.com

September 14, 2026

**VIA EMAIL – cbaker@bakerlp.com**

Attorney Chris Baker
Baker Dolinko & Schwartz, P.C.
220 Montgomery Street, Suite 1094
San Francisco, CA 94104

Re: *Hull v. Epic Systems Corp., et. al.*, N.D. Cal. Case No. 4:26-cv-07702

Dear Chris:

We write on behalf of our clients, Epic and Boost (together, "Epic"), regarding the above-noted action. The purpose of this letter is to communicate that Epic does not object to UserWeb access for Ms. Hull in the scope of her employment with Epic's customer, Abbott Diabetes Care ("Abbott"). Epic has advised Abbott of this and instructed Abbott that if it wants her to have UserWeb access, Abbott should submit the request and Epic will approve it. Epic has also advised Abbott that any no-hire or cooling off provisions or restraints on the types of duties she may perform for Abbott under the license agreement between Epic and Abbott are waived. Additionally, we repeat the message Epic sent directly to Ms. Hull on September 30, 2025 and July 31, 2026: that any noncompete provisions that she had in any agreements with Epic or any of its subsidiaries (including Boost), including any restriction on employment with Epic customers, are and remain void and non-applicable while she lives in California.

By these actions, Epic respectfully asserts that it has fully addressed any alleged imminent harm to Ms. Hull, rendering the request for injunctive relief in her Complaint moot. Therefore, if she proceeds with any claims against Boost and Epic, she must bring them in arbitration[1] rather than proceeding in court.

Please let me know how she intends to proceed.[2]

Sincerely,

**MICHAEL BEST & FRIEDRICH LLP**

*/s/Amy O. Bruchs*

Amy O. Bruchs

AOB:skt

[1] Please refer to the Mutual Arbitration Agreement, attached to Ms. Hull's Boost Employment Agreement.
[2] To the extent Ms. Hull intends to proceed with her claim, we expect she will abide by her obligations to preserve all potentially relevant documents, including, without limitation, communications (including text messages, What's App messages, Slack chats, and social media messages) with Greg Larson.