CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER DOLINKO & SCHWARTZ, P.C.
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone: (415) 810-9486

Attorneys for Plaintiff
ANDREA HULL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HULL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION, a Wisconsin corporation; BOOST, INC., a Wisconsin corporation,<br><br>Defendants. | Case No. 4:26-cv-07702-AMO<br><br>**PLAINTIFF ANDREA HULL'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE MEMORANDUM IN SUPPORT OF HER MOTION FOR PRELIMINARY INJUNCTION AND THE DECLARATION OF ANDREA HULL (Civil L.R. 7-11, 79-5(c))**<br><br>Re: Motion for Preliminary Injunction (hearing January 7, 2027, 2:00 p.m.)<br>Judge: Hon. Araceli Martínez-Olguín<br><br>Action Filed: July 24, 2026<br>Trial Date: None set |

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Under Civil Local Rules 7-11 and 79-5(c) and Section H.7 of the Court's Civil Standing Order, Plaintiff Andrea Hull moves to file under seal portions of two documents listed in the proposed order: the Part X heading, paragraphs 56–58, and Exhibit 13 (in full) of her declaration

in support of her motion for a preliminary injunction (page 15, line 5 through page 16, line 4); and four passages of the memorandum in support of that motion (page ii, line 17; page 2, lines 15–17; and page 12, lines 23–28). Each passage contains essentially the same private information concerning Ms. Hull's career circumstances. Nothing else is sought to be sealed. Redacted versions of the two documents are on the public docket, with a slip sheet in place of Exhibit 13. Unredacted versions, marked "FILED UNDER SEAL" with the passages highlighted, are filed with this motion. Civil L.R. 79-5(d), (e).

## I. THE STANDARD

The Court may grant Plaintiff's sealing request if she "articulates compelling reasons supported by specific factual findings" that outweigh the public interest in access, and the Court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). In applying this standard, Rule 79-5(c)(1) asks three things: (a) the interest that warrants sealing, (b) the injury if sealing is denied, and (c) why a less restrictive alternative is not enough.

## II. THE INTEREST AND THE INJURY

An individual's personal employment and financial information is sealable under the compelling-reasons standard, including at the preliminary-injunction stage. *E.g., Tran v. Pham*, No. 5:25-cv-10326-BLF, ECF No. 50, at 2–3 (N.D. Cal. Mar. 19, 2026) (sealing a party's wage statements and immigration-sponsorship records as "sensitive personal information"; courts in this district "regularly grant sealing motions" to "keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft"); *Shokri v. Boeing Co.*, No. C16-1132 RSM, ECF No. 139, at 2–3 (W.D. Wash. Feb. 14, 2018) (compelling reason to seal a resume as an "employment file," a category the court described as including the "information that employees are required to submit to their employers in the course of seeking employment").

Plaintiff has a compelling interest in her personal employment circumstances. Hull Seal Decl. ¶¶ 2–3. An employer, "by virtue of the employment relationship, may exercise intense

leverage" over a current employee, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978)), and threatened "loss of career" – or harm to career -- is a particularized harm, *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 427 (9th Cir. 2011). Plaintiff should not be required to risk her current job (particularly in light of the very small market for her skills due to Epic's employment restraints) at the cost of providing the Court with information relevant to Epic's efforts to moot her right to relief. The public can follow every argument in the motion — that Epic's restraints close Epic's customers, consultants, and partners to Ms. Hull, and that Epic enforces them — without also knowing the sealed information.

## III. NO LESS RESTRICTIVE ALTERNATIVE

Redacting a few lines is the least restrictive alternative, and redaction rather than sealing is the approach the Ninth Circuit favors for private personal information in a merits filing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) ("third-party medical and personnel records can be redacted easily to protect third-party privacy interests while leaving other meaningful information"); *Murphy v. Kavo Am. Corp.*, No. CV 11-0410 YGR, ECF No. 35, at 2 (N.D. Cal. Apr. 27, 2012) (personnel information "should be filed in redacted form rather than sealed in their entirety"). The passages cannot be generalized further without disclosing the fact whose disclosure causes the harm. Every other line of the two documents is public, and any party or non-party may move to unseal at any time. Civil L.R. 79-5(g)(3).

## IV. STIPULATION

On October 1, 2026, at the parties' Rule 26 conference, Plaintiff asked Epic's counsel whether Epic would stipulate to the filing under seal of the passages identified above. Epic deferred taking a position until it reviews Plaintiff's motion papers. Baker Seal Decl. ¶ 3. Plaintiff will advise the Court if a stipulation is reached.

## CONCLUSION

Plaintiff requests that the Court grant Plaintiff's motion to seal.

Dated: October 3, 2026 BAKER DOLINKO & SCHWARTZ, P.C.

By: ______________________________
Chris Baker
Attorneys for Plaintiff Andrea Hull