CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER DOLINKO & SCHWARTZ, P.C.
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone: (415) 433-1064
Fax: (415) 422-9966

Attorneys for Plaintiff
ANDREA HULL

DAVID SZWARCSZTEJN, State Bar No. 272371
david.szwarcsztejn@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: (424) 282-1352
Fax: (877) 398-5240

Attorneys for Defendants
EPIC SYSTEMS CORPORATION
And BOOST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA HULL, an individual,

Plaintiff,

v.

EPIC SYSTEMS CORPORATION, a Wisconsin corporation; BOOST, INC., a Wisconsin corporation,

Defendants.

Case No. 4:26-cv-07702-AMO

**JOINT CASE MANAGEMENT STATEMENT**

CMC Date: October 22, 2026
CMC Time: 10:00 AM
Courtroom: 5, 2nd Floor, 1301 Clay Street, Oakland
Judge: Hon. Araceli Martínez-Olguín
Action Filed: July 24, 2026
Trial Date: None set

Plaintiff Andrea Hull ("Plaintiff" or "Ms. Hull") and Defendants Epic Systems Corporation and Boost, Inc. ("Defendants" or "Epic") submit the following Joint Case Management Statement.

**Headlines.** This is an unfair competition/PAGA case in which Plaintiff contends that Epic has violated California law through the alleged use and enforcement of employment restraints that violate, among other laws, Business & Professions Code § 16600 *et seq.*. Epic disputes the merits of Plaintiff's claims and further contends that they are not properly before this Court, including because an enforceable arbitration agreement exists between the parties. Plaintiff responds that Epic's arbitration agreement expressly excludes preliminary injunctions and representative claims from its scope and that the agreement is unenforceable in any event.

On October 4, 2026, Ms. Hull filed a first amended complaint and a motion for a preliminary injunction set to be heard on January 7, 2027 (at the time, the Court's first available hearing date). Epic intends to file a motion to compel arbitration and to stay this action on or before October 30, 2026. The parties have agreed to the following briefing schedule for Plaintiff's motion for a preliminary injunction.

- Last day to file Epic's opposition to Plaintiff's preliminary injunction motion: November 6, 2026
- Last day to file Plaintiff's reply in support of her preliminary injunction motion: December 7, 2026

A hearing date has not yet been set on Epic's forthcoming motion. As of this filing, the Court's scheduling page states "The earliest available hearing date on the Court's civil motion calendar is February 2027." The parties have agreed to the following briefing schedule based on Plaintiff's understanding that Epic's motion will be heard on or after February 4, 2027. If the Court sets a hearing date prior to February 4, 2027, the parties will meet and confer concerning whether the below-referenced dates should be altered, taking into the account each counsel's workload and the holidays:

- Last day to file Plaintiff's opposition: 7 weeks before the hearing date
- Last day to file Epic's reply: 4 weeks before the hearing date.

Epic will file a joint stipulation regarding the adoption of the above briefing schedules shortly.

The parties request a further case management conference following the Court's orders on the parties' pending motions.

**1. Jurisdiction and Service.** Plaintiff asserts that diversity jurisdiction exists under 28 U.S.C. § 1332 and that venue is proper because Plaintiff lives and works in the Northern District of California and Epic does business in the Northern District. Epic and Boost have waived service of process and no party remains to be served. Epic contends that Plaintiff's individual claims (except as to preliminary injunctive relief) are subject to arbitration and that Plaintiff's non-individual claims should be stayed pending arbitration.

**2. Facts.**

Plaintiff's Position: Plaintiff alleges that Epic maintains a policy of requiring employees, customers, consultants, and partners to sign agreements that contain employment restraints of trade that violate California Business & Professions Code § 16600 *et seq.* and, as to the aggrieved employees, various provisions of the California Labor Code.

Ms. Hull worked for Epic for close to twelve years, most recently in California. She left Epic in March 2026 and joined Abbott Diabetes Care ("Abbott"), an Epic customer. Epic initially enforced its restraints against Ms. Hull by, among other things, denying Ms. Hull access to an Epic UserWeb account and directing Abbott that former Epic employees, including Ms. Hull, should not work on Epic-related matters for twelve months. As a result, Abbott restricted Ms. Hull's job duties. Ms. Hull filed suit on July 24, 2026. (ECF 1.) After she filed suit, Epic took various steps that it asserts moot Ms. Hull's claims for injunctive relief. Ms. Hull disagrees.

Defendants' Position: As a threshold issue, Epic maintains that Plaintiff must arbitrate all of her individual claims pursuant to the Mutual Arbitration Agreement between the parties, and will file a motion to compel arbitration and stay the remaining proceedings pending completion of the arbitration. Further, Epic disputes that Plaintiff's claims have any merit. Plaintiff's action purports to challenge certain agreements she executed with Epic prior to her move to California in July 2025. Epic maintains that all of its agreements with Plaintiff were and are lawful under Wisconsin law which governed when they were executed. On September 30, 2025, Epic sent

Plaintiff a notice expressly stating that the noncompete provisions contained in her employment and stock agreements are void as long as she resides in the State of California. Accordingly, Epic maintains that there is no justiciable controversy to confer ripeness/standing with respect to Plaintiff's preliminary injunctive relief claims because such restraints were and have been ineffective long before Plaintiff sought employment with Abbott or filed the instant action. Similar individualized notices were provided to similarly-situated employees. On July 31, 2026, Epic reiterated the same in an additional notice to those employees. On September 14, 2026, Epic further notified Abbott of its waiver of any noncompete, no-hire, or cooling-off provisions with respect to Plaintiff and confirming that Plaintiff would be granted access to UserWeb access to Epic's platform. With respect to Plaintiff's PAGA claims, Epic maintains that Plaintiff lacks standing, that she failed to exhaust prefiling notice prerequisites and administrative remedies, and that her PAGA claims are without merit.

**3. Legal Issues.** At this stage, the main legal issues are these:

(a) whether Plaintiff's individual claims (other than for preliminary injunctive relief) are subject to arbitration;

(b) the extent to which Plaintiff is entitled to preliminary injunctive relief (if at all);

(c) whether Epic violated Business & Professions Code §§ 16600, 16600.1, and 16600.5 via its agreements with Plaintiff;

(d) whether Epic violated Business & Professions Code §§ 16600, 16600.1, and 16600.5 via no-hire, no-poach, and cooling-off provisions in third-party contracts;

(e) whether Epic engaged in unfair competition in violation of Business & Professions Code § 17200;

(f) the extent to which California law invalidates Epic's employment restraints in its employee, customer, consultant, and partner agreements (both as to substance and as to geographic scope;

(g) whether Plaintiff has standing to challenge the alleged third-party contracts;

(h) whether Plaintiff has standing under PAGA;

(i) whether Plaintiff properly and timely exhausted prelitigation notice and administrative remedies with respect to her PAGA claims;

(j) whether Plaintiff and the alleged aggrieved employees that she purports to represent were subjected to violations of Labor Code §§ 232, 232.5, 432.5, 925, 1197.5, 1102.5(a), and/or 2870–2872, and whether and to what extent any such violations give rise to civil penalties; and

(k) the extent to which PAGA reaches non-resident employees working – whether virtually or physically – in California or for California customers and

(l) ; the enforceability of Epic's arbitration agreement and the arbitrability of certain claims.

**4. Motions.** As referenced above, the currently pending motions to be heard by the Court are: (1) Plaintiff's Motion for Preliminary Injunction (ECF 15–18), filed October 4, 2026, noticed for January 7, 2027 (the first available date); and (2) Plaintiff's Administrative Motion to Seal (ECF 19). Epic intends to file a Motion to Compel Arbitration and Stay Proceedings on or before October 30, 2026. Epic and Plaintiff further reserve the right to file appropriate dispositive motion(s) with respect to any and all of Plaintiff's claims which the Court determines to be non-arbitrable. The parties further reserve the right to either file or contest a motion to bifurcate any trial in this action.

**5. Amendment of Pleadings.** Plaintiff filed a first amended complaint as of right on October 4, 2026. Plaintiff does not presently anticipate further amendment.

**6. Evidence Preservation.** Counsel certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and the Checklist for ESI Meet and Confer, and that they met and conferred under Rule 26(f) on October 1, 2026 regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures.** The parties held their Rule 26(f) conference on October 1, 2026.

Plaintiff's Position: Plaintiff intends to serve initial disclosures on or before October 15, 2026, as required by the Court's orders and the Local and Federal Rules. Plaintiff disagrees with Epic's position below.

<u>Defendants' Position</u>: As set forth above, Epic maintains that Plaintiff must arbitrate all of her individual claims pursuant to the Mutual Arbitration Agreement between the parties, and will file a motion to compel arbitration and stay the remaining proceedings pending completion of the arbitration. Epic submits that disclosures, if any, with respect to arbitrable claims must proceed in arbitration. Epic further submits that all proceedings, including disclosures, with respect to any non-arbitrable claims should be stayed pending completion of the arbitration. Nonetheless, Epic will serve its initial disclosures with respect to Plaintiff's non-arbitrable individual claims on or before October 15, 2026.

**8. Discovery.**

<u>Plaintiff's Position</u>: Plaintiff will soon serve on Epic her first sets of requests for production, interrogatories, and requests for admission, and a Rule 30(b)(6) notice. In these requests, Plaintiff seeks, among other things, Epic's standard employee, licensing, and other agreements containing employment restraints of trade. Plaintiff disagrees with Epic's position below insofar as the discovery is directly related to claims and requests for relief that undisputedly fall outside the scope of Epic's arbitration agreement.

<u>Defendants' Position</u>: As set forth above, Epic maintains that Plaintiff must arbitrate all of her individual claims pursuant to the Mutual Arbitration Agreement between the parties, and will file a motion to compel arbitration and stay the remaining proceedings pending completion of the arbitration. Epic submits that all discovery with respect to arbitrable claims must proceed in arbitration. Epic further submits that all proceedings, including discovery, with respect to any non-arbitrable claims should be stayed pending completion of the arbitration.

**9. Class Actions.**

<u>Plaintiff's Position</u>: Plaintiff brings a representative, not class, action and seeks public injunctive relief.

<u>Defendants' Position</u>: The Arbitration Agreement between Plaintiff and Epic includes an enforceable class waiver. Epic disputes Plaintiff's contention that her allegations support a claim and/or prayer for public injunctive relief.

**10. Related Cases/Notice of Pendency of Other Action or Proceeding.**

Plaintiff's Position. While there is considerable litigation and at least one government investigation concerning Epic's use of employment restraints, none of these cases are "related" to this one within the meaning of Civil L.R. 3-12 and none falls within the definition of an "Other Action or Proceeding" within the meaning of Civil L.R. 3-13 insofar as they do not involve "substantially all the same parties." Plaintiff provides this information for the Court's awareness because it is something Plaintiff believes the Court would want to know. In deference to Epic's concerns (set forth below), Plaintiff does not list the litigation and other proceedings here.

Defendants' Position. Defendant notes that none of the above matters are responsive to the Court's request for identification of related cases. Plaintiff's inclusion of this extraneous information is for the improper purpose of painting defendant in a negative light.

**11. Relief.** Plaintiff seeks declarations that Defendants' employment restraints and enforcement practices, including the denial of UserWeb access, violate California law. She seeks preliminary and permanent injunctions under Business and Professions Code sections 16600.5(e) and 17203 and Labor Code section 2699 barring their enforcement and requiring notice to Defendants' customers, consultants, partners, and employees, as well as civil penalties under PAGA (per aggrieved employee per pay period, in amounts to be determined after discovery of the number of aggrieved employees and pay periods), statutory attorneys' fees, and costs. As set forth above, Defendants maintain that Plaintiff must arbitrate all of her individual claims and requests for relief (except for preliminary injunctive relief), deny liability, and contend Plaintiff is not entitled to any relief.

**12. Settlement and ADR.** Counsel discussed resolution in September 2026 without agreement. Plaintiff filed her ADR certification in accordance with the Court's orders. The parties are amenable to either a settlement conference or private mediation.

**13. Other References.** Epic contends that Plaintiff's individual claims are subject to binding arbitration under the parties' agreement; Plaintiff disagrees. The case is not otherwise suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues.** The parties foresee no further narrowing of the issues, other than as referenced above, including via the Court's rulings on the parties' pending and anticipated motions.

**15. Scheduling.** The parties agree that the Court should set a further case management conference to set the pretrial and trial schedule following its rulings on the parties' motions.

**16. Trial.** No jury has been demanded; Plaintiff anticipates a two- to three-day court trial. Defendants contend the individual claims must be arbitrated.

**17. Disclosure of Non-party Interested Entities or Persons.** Plaintiff filed certifications on July 27, 2026 and October 4, 2026, and restates here: Veeva Systems Inc. ("Veeva") is a public benefit company whose purposes include the removal of competitive barriers from the life sciences industry and advocacy for the elimination of employment restraints as a condition of employment. Veeva pays a portion of Plaintiff's counsel's fees and costs, subject to reimbursement from any fee award; takes no share of any recovery; and has no right to direct, control, or settle this action. Veeva is separately in a dispute with Epic concerning Epic's restrictive covenants, and its interests could be affected by the outcome. No other person or entity is funding Plaintiff's claims. Defendants will timely file their certification and state that Defendant Boost, Inc. is a wholly owned subsidiary of Defendant Epic Systems Corporation.

**18. Professional Conduct.** All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters.** Plaintiff requests that the Court address at the conference the initial-disclosure and discovery issues identified in Sections 7 and 8 and the sequencing of the pending and anticipated motions.

**Attestation.** Pursuant to Civil L.R. 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: October 15, 2026

BAKER DOLINKO & SCHWARTZ, P.C.

By: **---------------------S----------------------------**
Chris Baker
Attorneys for Plaintiff
ANDREA HULL

Dated: October 15, 2026

MICHAEL BEST & FRIEDRICH, LLP

By: **---------------------S----------------------------**
David Szwarcsztejn
Attorneys for Defendants
EPIC SYSTEMS CORPORATION
And BOOST, INC.