MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, Cal. Bar No. 272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and BOOST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HULL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION, a Wisconsin corporation; BOOST, INC., a Wisconsin corporation,<br><br>Defendants. | Case No. 4:26-cv-07702-AMO<br><br>**JOINT STATUS UPDATE BRIEFING SCHEDULES (PER ECF No. 27)**<br><br>Trial Date: None set<br>Action Filed: July 24, 2026 |

Pursuant to and in response to the Court's October 22, 2026 Order (Dkt. 27), Plaintiff Andrea Hull ("Plaintiff") and Defendants Epic Systems Corporation and Boost, Inc. (together, "Defendants") and, by and through their undersigned counsel, hereby submit the following joint statement.

The parties had different understandings as the appropriate scope of this joint statement, and did not have access to the transcript of the conference. For this reason, this joint statement is limited to the parties' stipulations and disagreements about the proposed briefing schedule, without reference to the hearing date for Epic's motion to compel arbitration, or Plaintiff's request for expedited discovery. The parties have or will file separate administrative motions on those subjects.

**STIPULATIONS OF THE PARTIES**

The Parties STIPULATE as follows:

1. Defendants' deadline to file their Opposition to Plaintiff's Motion for Preliminary Injunction shall be November 6, 2026.
2. Defendants' deadline to file their response to the First Amended Complaint shall remain October 30, 2026. Defendants response will be a Motion to Compel Arbitration and Stay Proceedings.
3. The deadline for Plaintiff to file her Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings shall be November 13, 2026, provided that Plaintiff's reply in support of her preliminary injunction motion is not also due on November 13, 2026 (which would be the result under a normal briefing schedule).
4. The deadline for Defendants to file their Reply in support of their Motion Compel Arbitration and Stay Proceedings shall be November 20, 2026.

**STATEMENTS OF THE PARTIES REGARDING NON-STIPULATED MATTERS**

Plaintiff's Statement:

On October 3, 2026, Plaintiff filed a first amended complaint adding PAGA claims to her case. (PAGA now expressly permits a PAGA plaintiff to seek injunctive relief on behalf of the State, herself, and other aggrieved employees. Labor Code § 2699(3)(1)). The next day, Plaintiff filed her PI motion

and noticed it for January 7, 2027, the first available hearing date on the Court's calendar.[1] Imminent harm for a preliminary injunction means harm "likely . . . *before a decision on the merits can be rendered*," *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016), as opposed to the immediate injury necessary for an emergency restraining order. *Cf.* Fed. R. Civ. P. 65(b)(1)(A). Plaintiff (as well the public, the State, and the aggrieved employees) face ongoing irreparable harm. Particularly in light of Epic's arbitration agreement (and the delays associated with the arbitration process, regardless of whether Epic's motion is granted or denied and then appealed) this harm will continue, or the right to some forms of preliminary relief will be mooted, before a decision on the merits can be rendered. Hence, Plaintiff's PI motion is on solid footing.

Plaintiff seeks limited expedited discovery responses in support of her PI motion. She will seek an order compelling these discovery responses through a separate administrative motion. Plaintiff further proposes that Epic be entitled to file a sur-reply in the event Plaintiff submits new evidence on reply. Thus, she proposes the following dates for the briefing on her preliminary injunction motion.

1, December 2, 2026: Plaintiff's Reply in support of Preliminary Injunction Motion.

2. December 10, 2026: Epic's Sur-reply to the extent Plaintiff submits new evidence.

Plaintiff submits the Court adopt these dates because: (1) it will permit limited expedited discovery; (2) it will provide the Court with four weeks to consider the papers if Plaintff's PI motion remains set for January 7, 2026; and (3) It will provide the parties with some opportunity to travel and celebrate Thanksgiving with their families.

Epic preemptively opposes Plaintiff's administrative motion concerning discovery. This is due to the back and forth on whether Plaintiff was permitted to request expedited discovery through this joint statement. Plaintiff will further explain in its administrative motion and asks the Court to defer any ruling on the briefing schedule, or Plaintiff's request for expedited discovery responses, until after consideration of Plaintiff's administrative motion.

---

[1] Based on her reading of Section B of the Court's Standing Order, Plaintiff understood that she was required to notice her hearing date on an available calendar date.

Defendants' Statement:

Defendant will respond to Plaintiff's administrative motion. However, the Court should deny Plaintiff's request for expedited discovery as procedurally improper and unwarranted. Expedited discovery serves as relief from the bar on conducting discovery prior to the Parties' Rule 26(f) conference. Fed. R. Civ. P. 26(d). Here, no such relief is necessary because the Parties held their conference on October 1, 2026. (ECF No. 23, 5:25.) Indeed, Plaintiff already served interrogatories, requests for admission, and document requests on Defendants yesterday, October 28, 2026, in the course of typical discovery.

Plaintiff fails to explain why discovery is needed to prevent "ongoing irreparable harm" to her and "the public, the State, and the aggrieved employees." She does not explain what harm she refers to, why it is irreparable, or why discovery is needed to prove it. Notably, Plaintiff elected not to seek an order for expedited discovery via noticed motion or *ex parte* application prior to the Rule 26(f) conference or at any time in the more than two months that elapsed between her commencement of this action on July 24, 2026 and the filing of her Motion on October 4, 2026.

The Court should also deny Plaintiff's inchoate request for permission to submit new evidence with her Reply brief. "'[I]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers' and such arguments are deemed waived." *Dynetix Design Sols. Inc. v. Synopsys Inc.*, 2013 WL 772670, at *2 (N.D. Cal. Feb. 28, 2013) (citing *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (citation omitted)). If Plaintiff believes her pending Motion lacks evidentiary support for the relief it seeks, she should withdraw it.

As to Plaintiff's deadline to file a Reply in support of her Motion for Preliminary Injunction, Defendants proposed to Plaintiff a Reply due date of November 20, 2026. This date avoids Plaintiff's Reply deadline landing on the same date as her November 13, 2026 deadline to oppose Defendants' Motion to Compel Arbitration. Because Plaintiff should not be permitted to file new evidence with her Reply that should have been submitted with her moving papers, there is no need for the Court to preemptively make provision for a sur-reply at this time.

Dated: October 29, 2026

MICHAEL BEST & FRIEDRICH LLP

By: /s/ David Szwarcsztejn
David Szwarcsztejn (State Bar No. 272371)
*Attorneys for* Defendants
EPIC SYSTEMS CORPORATION and BOOST, INC.

BAKER DOLINKO & SCHWARTZ, P.C.

Dated: October 29, 2026

By: /s/ Chris Baker
Chris Baker (State Bar No. 181557)
Deborah Schwartz (State Bar No. 208934)
*Attorneys for Plaintiff* ANDREA HULL

Pursuant to Civil L.R. 5-1(i)(3), the filer attests that he has obtained the concurrence of all other signatories to this document.