MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, Cal. Bar No. 272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and
BOOST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA HULL,

Plaintiff,

v.

EPIC SYSTEMS CORPORATION and BOOST, INC.,

Defendants.

Case No. 4:26-cv-07702-AMO

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Hearing Date: January 7, 2027
Hearing Time: 2:00 p.m.
Courtroom: 5

Judge: Honorable Araceli Martínez-Olguín

**TO PLAINTIFF, HER ATTORNEYS OF RECORD, AND THE COURT:**

Pursuant to Federal Rule of Evidence 201, Defendants Epic Systems Corporation ("Epic") and Boost, Inc. ("Boost") (collectively, "Defendants") hereby request that the Court take judicial notice of the following:

**Exhibit 1:** The AAA Employment Arbitration Rules and Mediation Procedures, last revised June 1, 2026. Attached hereto is a true and correct copy printed from the American Arbitration Association website. (Last accessed and printed on October 27, 2026, https://www.adr.org/rules-forms-and-fees/.)

Rule 201(b) of the Federal Rules of Evidence provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Exhibit 1 is properly subject to judicial notice because the documents "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." *Vargas v. Delivery Outsourcing, LLC*, 2016 WL 946112, *2 (N.D. Cal. Mar. 14, 2016) (taking judicial notice of AAA's arbitration rules); *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal.4th 495, 505, n. 6 (2005) (judicial notice of AAA's commercial arbitration rule was proper because they are "not reasonably subject to dispute" and "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy").

///

///

///

///

///

///

///

///

///

For the reasons above, Defendants respectfully request that the Court take judicial notice of the document attached hereto as **Exhibit 1**.

Dated: October 30, 2026

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/David Szwarcsztejn*
David Szwarcsztejn

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and
BOOST, INC.