CHRIS BAKER, State Bar No. 181557
cbaker@bakerlp.com
DEBORAH SCHWARTZ, State Bar No. 208934
dschwartz@bakerlp.com
BAKER DOLINKO & SCHWARTZ, P.C.
220 Montgomery Street, Suite 1094
San Francisco, CA 94104
Telephone: (415) 810-9486

Attorneys for Plaintiff
ANDREA HULL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HULL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION, a Wisconsin corporation; BOOST, INC., a Wisconsin corporation,<br><br>Defendants. | Case No. 4:26-cv-07702-AMO<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND TO DISCOVERY, PERMIT USE OF NEW DISCOVERY IN REPLY, AND ALLOW SUR-REPLY (Civil L.R. 6-3, 7-11)**<br><br>Re: Motion for Preliminary Injunction (hearing January 7, 2027, 2:00 p.m.)<br><br>Judge: Hon. Araceli Martínez-Olguín<br><br>Action Filed: July 24, 2026<br>Trial Date: None set |

## ADMINISTRATIVE MOTION

Under Civil Local Rules 6-3 and 7-11, Plaintiff Andrea Hull asks the Court to order that: (1) Defendant Epic Systems Corporation ("Epic") respond to Plaintiff's amended first set of discovery (served November 1, 2026) within 14 days of the order; (2) Plaintiff's reply in support of her preliminary injunction motion be due December 2, 2026 and may include new evidence, such as Epic's discovery responses; (3) Epic may file a five-page sur-reply by December 10, 2026, four weeks before the January 7, 2027 hearing; and (4) the hearing on Epic's motion to compel arbitration (ECF 29) be reset to an available date, consistent with Civil Standing Order § B.

The parties could not agree to the relief sought in this administrative motion. Baker Decl. ¶¶ 6–7, 9.

## I. BACKGROUND

On October 22 the Court denied the parties' stipulated briefing schedules (ECF 24) and directed a joint stipulation or joint status update of no more than three pages by October 29. (ECF 27). The parties met and conferred and disagreed concerning the extent to which the Court stated that it would treat the joint statement as (or in lieu of) cross-administrative motions to the extent the parties did not agree, and the types of issues that could be submitted or decided through the joint statement. The parties also did not have access to the audio record of the conference to resolve their disagreements and had to rely on memory.

Plaintiff's initial draft of the joint statement asked the Court for the relief requested in the present motion. Epic objected that "[e]xpedited discovery was not part of what the court asked us to address in this joint report" and that "[i]f you feel you need to file an admin motion, you should do so separately." (Baker Decl. ¶ 7, Ex. 4). Given the Court's deadline for submission of the joint statement (and the fact that the parties were working after-hours), Plaintiff removed her request for expedited discovery from the joint statement and stated she would file a separate

administrative motion. Epic, for its part, chose to include its anticipated opposition to the present motion in its part of the joint statement. (ECF 28 at 1–3).

## II. ARGUMENT

### A. Plaintiff's Discovery Requests Are Narrow and There Is Good Cause to Grant the Motion

Consistent with well-settled California law, Plaintiff's preliminary injunction motion asks the Court to enjoin Epic from enforcing the employment restraints in its employee agreements as well as in its customer, consultant, and partner agreements, and from denying UserWeb credentials to former employees as a means of enforcing these restraints.[1] *E.g.*, Business & Professions Code § 16600.5(d) ("An employer that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation."). Plaintiff seeks preliminary relief for herself, for the State and other aggrieved employees, and for the public in accordance with California law and this Court's equitable power. Epic – through its wrap-around restraint policy – requires employment restraints in all or virtually all its contracts with employees and their potential employers (e.g., Epic's customers, partners, and consultants). As a consequence, the waiver of the restraints for one person cannot possibly remedy the ongoing harm because the employers who might hire that employee, and the employees she might otherwise work beside, remain restrained. "A lessening of competition" – the result of Epic's wrap-around restraints – "constitutes an irreparable injury." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016). To avoid preliminary relief, Epic argues mootness.

Epic asserts Plaintiff's request for preliminary relief is moot because it has sent post-litigation letters and emails purportedly waiving the restraints as to Plaintiff, and "[s]imilar individualized notices were provided to similarly-situated employees." ECF 23 at 4. Of course, waiving the restraints as to employees (assuming it was done and assuming it was adequate) is of limited utility if the employers who would employ them are restrained from doing so.

---

[1] Epic does not need to sue to enforce its illegal restraints. It does so by denying its former employees (as it denied Hull) access to its User Web platform, access that is essential to performing work for Epic's customers, consultants and partners.

Plaintiff's discovery requests go to Epic's wrap-around restraints, Epic's mootness defense, and to the scope of relief. Plaintiff's RFPs ask for Epic's standard restraint terms as they reach California, its UserWeb policy, and the standard notices it says it sent (or not), with their recipients. The RFAs ask whether those notices went to every California employee, California Employer, and employer with California Operations. The interrogatories ask for headcounts of the California employees and former employees still under those restraints. Baker Decl. ¶¶ 3–4, Exs. 1–3. The answers will show the strength and scope of Epic's wrap-around restraint policy, whether Epic's alleged waivers of these restraints are sufficient, and, accordingly, the proper scope of injunctive relief. Every answer should be available from Epic's own forms, policies, mailing lists, and contract management platforms, and Epic's declarants will have, presumably, gathered much of that material to oppose the preliminary injunction motion on November 6.

Where discovery serves a pending preliminary injunction motion, this Court weighs whether the motion is pending, the breadth of the requests, their purpose, the burden on the responding party, and how far in advance of ordinary discovery the request comes. *SolarPark Korea Co. v. Solaria Corp.*, 2023 WL 4983159, at *11–12 (N.D. Cal. Aug. 2, 2023). Each of these factors favors Plaintiff. The motion is pending and set. The requests number sixteen and seek forms, a policy, standard notices, and counts. The burden is slight. And the request is not ahead of ordinary discovery. Discovery opened October 1, and the motion only asks to move the response date by about two weeks.

Plaintiff was not required to possess this evidence prior to moving for a preliminary injunction. A ruling on a preliminary injunction "is necessarily based on an incomplete record." Farris v. Seabrook, 677 F.3d 858, 867 n.7 (9th Cir. 2012). The way to a more complete record is "a request for specific, expedited discovery," id., which is the purpose of this motion. Moreover, in seeking a preliminary injunction (as opposed to a TRO), the question is not whether irreparable harm is immediate, but rather whether it is likely "before a decision on the merits can be rendered." *Boardman*, 822 F.3d at 1023.

Epic's arbitration agreement lets either side seek temporary injunctive relief in court and requires arbitration only *after* the court has issued a ruling as to preliminary relief. Baker Decl.

Ex. 5, § IV. Epic has confirmed this reading, asserting that Plaintiff's individual claims are arbitrable "except as to preliminary injunctive relief." ECF 23 at 3:7–9. Here, a decision on the merits is far off whether arbitration is compelled or denied. Epic has moved to compel arbitration and noticed its motion for January 7, the same date as the preliminary injunction, although the Court's scheduling page showed no civil-motion date before February 2027. Plaintiff therefore asks that the hearing on Epic's motion be reset to an available date. Civil Standing Order § B; ECF 23 at 2:20–22.[2] Interestingly, the one court to construe an almost identical clause denied the motion to compel arbitration without prejudice in order to first rule on the injunction motion. *Optum, Inc. v. Smith*, 360 F. Supp. 3d 52, 56 (D. Mass. 2019). The party opposing the injunction (there, the employee) immediately appealed this denial, which stayed the case before the court could rule on the PI motion, thus using the judicial process (an appeal) to frustrate the parties' intent (a right to court ordered preliminary relief). *Optum, Inc. v. Smith*, 366 F. Supp. 3d 156, 158–60 (D. Mass. 2019). A similar result should not follow here.

Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Here the administration of justice supports the expedited discovery as it will provide the Court with a more complete record on which to rule. And there is virtually no prejudice to Epic for the reasons stated above. Baker Decl. ¶¶ 3, 8–10; Civil L.R. 6-3(a)(1)–(3).

**B. Epic's Objections Lack Merit**

Epic argues that the request is procedurally improper under Rule 26(d), that Plaintiff should have sought discovery earlier, that new evidence on reply is improper, and that the reply

[2] Plaintiff notes that the Court's standing order states: "Except in pro se prisoner cases, parties should notice motions (other than discovery motions) pursuant to the Civil Local Rules. The Court does not reserve hearing dates for parties, *but parties should confirm the Court's availability prior to filing any noticed motion by referring to the Court's scheduling page. . . . Any motion noticed for hearing on a closed hearing date will automatically be re-set by the Court."* Civil Standing Order § B (rev. Aug. 26, 2026). If Epic had followed the standing order, it would have presumably noticed its motion for February or March 2027. See ECF 23 at 2:20–22 (quoting the scheduling page).

should be due November 20. ECF 28 at 3. These arguments lack merit. First, Plaintiff seeks no leave under Rule 26(d), only a shorter response period, which Rules 33, 34, and 36 permit by court order, and Epic's motion to compel arbitration does not stay discovery. *Litton v. Roblox Corp.*, 2025 WL 2373343, at *1 (N.D. Cal. Aug. 14, 2025). Second, given Epic's position that discovery should be stayed pending the outcome of its motion to compel arbitration (ECF 23 at 6:16–21), it was prudent for Plaintiff to defer serving discovery until after the case management conference, at which time the Court confirmed there was no discovery stay. Third, Epic's case, Dynetix Design Sols., Inc. v. Synopsys, Inc., 2013 WL 772670, at *2 (N.D. Cal. Feb. 28, 2013), concerned a new argument, not evidence answering an opposition, and a court may consider such evidence after "giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Here, Plaintiff proposes a sur-reply for exactly this purpose. Fourth, Epic's proposed November 20 reply date would make the requested discovery pointless. Epic's responses are not due until December 1, so under Epic's schedule Plaintiff would have to reply before Epic answered a single request. Baker Decl. ¶¶ 3, 8. Plaintiff's schedule, by contrast, brings the responses in before a December 2 reply, gives Epic the last word in a December 10 sur-reply, avoids the Thanksgiving week (when the Court is unavailable), and still closes briefing four weeks before the January 7 hearing, as the Court's Civil Standing Order contemplates. Civil Standing Order § B.

For all these reasons, Plaintiff respectfully requests that the Court grant her administrative motion.

Dated: November 1, 2026 BAKER DOLINKO & SCHWARTZ, P.C.

By: /s/ Chris Baker
Chris Baker
Attorneys for Plaintiff Andrea Hull