MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, Cal. Bar No. 272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and
BOOST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HULL,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION and BOOST, INC.,<br><br>Defendants. | Case No. 4:26-cv-07702-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN DEFENDANTS' TIME TO RESPOND TO DISCOVERY, PERMIT USE OF NEW DISCOVERY IN REPLY, AND ALLOW SUR-REPLY**<br><br>Honorable Araceli Martínez-Olguín |

Plaintiff Andrea Hull's ("Hull") Administrative Motion seeks preemptive permission to rebuild her preliminary injunction record after Defendants oppose it. It fails for three independent reasons: (1) Hull shows no good cause to shorten Epic Systems Corporation's ("Epic") time to respond; (2) a movant may not build its case on reply; and (3) nothing requires delaying the hearing on Defendants' Motion to Compel Arbitration and Stay Proceedings. Frankly, Hull seeks expedited discovery to which she is not entitled at all or which belongs in arbitration.

## I. PROCEDURAL HISTORY

The parties held their Rule 26(f) conference on October 1, 2026. (Baker Decl. ¶ 2.) Hull filed a First Amended Complaint adding four claims under the Private Attorneys General Act ("PAGA") on October 3, and her Motion for Preliminary Injunction, noticed for January 7, 2027, on October 4. (ECF Nos. 13, 15–18.) On October 28, Hull served four requests for production, three requests for admission, and nine interrogatories on Epic. (Baker Decl. ¶ 2.) On October 30, Defendants moved to compel Hull's individual claims, including her individual PAGA claims, to arbitration and to stay the remaining proceedings, also noticed for January 7, 2027. (ECF Nos. 29–33.) On November 1, Hull served amended sets superseding the October 28 sets, making any responses, if required, due December 1, 2026. (Baker Decl. ¶ 3; ECF Nos. 35-1 to 35-3.) The same day, she filed this motion, asking the Court to (1) require Epic to respond within 14 days of an order; (2) set her reply to the injunction motion for December 2 and permit new evidence in it; (3) allow Defendants a five-page sur-reply by December 10; and (4) reset the arbitration hearing.

## II. ARGUMENT

### A. Hull Shows No Good Cause to Shorten Epic's Time to Respond to Discovery.

To show good cause, Hull must show that her need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to Epic. *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). She must state "with particularity" her reasons for shortening Epic's time from 30 to 14 days and identify the substantial harm or prejudice that would otherwise occur. Civil L.R. 6-3(a)(1)–(3). Courts weigh (1) whether an injunction motion is pending; (2) the requests' breadth; (3) their purpose; (4) the burden of compliance; and (5) timing relative to typical discovery. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal.





MBF\031105\0091\55349879.v7-11/5/26

2009); *see also Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 WL 3523405, at *2–3 (N.D. Cal. June 4, 2015) (applying *Rovio*/*Am. LegalNet* standard for expedited discovery after discovery opened). None of these factors favor Hull.

**1. Factors 1 and 5 Do Not Support Hull Because Her Self-Created Urgency Does Not Warrant Expedited Discovery.**

A pending injunction motion—all Hull has on the first factor—"alone does not justify expedited discovery." *SolarPark Korea Co., Ltd. v. Solaria Corp.*, 2023 WL 4983159, at *12 (N.D. Cal. Aug. 2, 2023) (citation omitted). And the fifth factor cuts against her: discovery has been open since October 1 (Baker Decl. ¶ 2), so Hull could have served requests[1] by ordinary schedule but chose not to do so, conceding that the requests are "not ahead of ordinary discovery." (ECF No. 34 at 4.)

Any urgency is self-created. Hull sought no expedited discovery in the two-plus months between filing suit on July 24 and the Rule 26(f) conference, moved for an injunction three days after discovery opened without seeking discovery, and has never sought to advance her January 7 hearing. (ECF No. 15; ECF No. 28 at 4.) She waited until October 28—the day her counsel conferred about using the responses on reply—to serve discovery, then pushed the due date to December 1 by re-serving amended sets to cure "scrivener errors." (Baker Decl. ¶¶ 2–3, 6.) Her claim that waiting was "prudent" given Epic's stay position in the October 15 case management statement rings hollow: she moved for an injunction before that statement. Hull also disputed Epic's position as to discovery "directly related to claims and requests for relief that undisputedly fall outside the scope of Epic's arbitration agreement" (ECF No. 23 at 6:13–15), she argues that a pending arbitration motion "does not stay discovery" (ECF No. 34 at 6). By her own account, nothing prevented her from serving discovery in early October.

Nor does Hull identify any substantial harm from the ordinary schedule. Civil L.R. 6-3(a)(3). She says only that she must reply, and the Court must rule, "without facts that only Epic has." (Baker Decl. ¶ 10.) That is the ordinary posture of every injunction motion; and Hull concedes both that her record is incomplete and that she "was not required to possess this evidence prior to moving for a

[1] Defendants reserve their rights to object that at least some of Hull's requests should not be allowed at all, considering the Arbitration Agreement with Epic (discussed below).

preliminary injunction." (ECF No. 34 at 4.) She cannot both call the evidence unnecessary and also claim harm from its absence. Nor does she identify any specific evidentiary gap, and courts deny expedited discovery where the movant "has not articulated any specific missing evidence essential for injunctive relief." *Rovio*, 907 F. Supp. 2d at 1099. Factors 1 and 5 thus favor Epic.

**2. Factors 2 and 4 Favor Epic Because the Requests Are Broad and Burdensome.**

Hull describes her requests as merely seeking "forms, a policy, standard notices, and counts" with a "slight" burden, but the requests tell a different story. (ECF No. 34 at 4.) They define "Employment Restraint" to reach any non-compete, non-solicitation, no-hire, waiting-period, or UserWeb-access provision in *any* agreement; seek each version since 2022 of every standard employment, equity, and commercial agreement, and every standard communication since 2024 and "to whom each communication was sent"; seek admissions about notice to "every" California employee and employer; and demand multi-variable headcounts. (ECF Nos. 35-1 to 35-3 (Definition Nos. 2–3; RFP Nos. 1–2, 4; RFA Nos. 1–3; Interrogs. Nos. 1–6).) Answering would require Epic to review years customer, consultant, and partner agreements, reconstruct distribution lists, and cross-reference residence, assignment, travel, separation, and agreement records for each employee—in fourteen days, alongside its November 20 arbitration reply, into Thanksgiving week, with deemed admissions at stake under Rule 36(a)(3). *See Rovio*, 907 F. Supp. 2d at 1100 (refusing to impose "expedited discovery that may be nothing more than superfluous evidence"). Factors 2 and 4 favor Epic.

**3. Factors 3 Favors Epic Because Hull's Discovery Seeks to Expand Relief to Non-Parties.**

Hull concedes that her discovery requests target relief for "the State and other aggrieved employees" and "for the public." (ECF No. 34 at 3.) But she agreed to arbitrate "only on an individual basis." (Baker Decl. Ex. 5 § II.) Discovery aimed at relief for non-parties should not be fast-tracked as an end-run around Epic's pending arbitration motion—before the Court decides whether this dispute belongs in arbitration and whether Hull has standing as an "aggrieved employee" to pursue representative PAGA claims after arbitration. *See Britt v. Lennar Corp.*, 732 F. Supp. 3d 1220, 1228

(E.D. Cal. 2024) (noting order denying statewide headcount interrogatory and staying non-individual PAGA discovery).

The agreement's carve-out does not help her. Section IV preserves the right to seek "emergency or temporary injunctive relief in a court of law," after which the parties "are required to submit the dispute to arbitration." (Baker Decl. Ex. 5 § IV.) It does not license representative, statewide discovery to build a case for non-parties, "the State," and "the public." And extending briefing into December—after waiting months to seek an injunction—clashes with the "emergency" relief Section IV contemplates. Factor 3 favors Epic.

**4. Hull's Merits Preview Does Not Show Good Cause.**

Nor does Hull's claimed need for discovery rebut Epic's opposition arguments (e.g., mootness or other grounds) establish good cause. Hull is in the same position as any movant, and the ordinary schedule accommodates her: Epic will file any evidence with its November 6 opposition, and Hull may respond on reply. Civil L.R. 7-3(c). The rest of her motion previews her merits case—Epic's supposed "wrap-around restraint policy," Business and Professions Code § 16600.5, UserWeb access, and *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011 (9th Cir. 2016) (ECF No. 34 at 3–4 & n.1). Defendants dispute those points and Hull's standing for her representative and public injunctive relief claims, and will address them in their opposition. These arguments go to whether an injunction should issue, not good cause.

**B. The Court Should Not Extend the Reply to December 2 or Authorize New Evidence on Reply.**

Hull's reply is due November 13, seven days after the November 6 opposition. Civil L.R. 7-3(c). Defendants offered to extend it to November 20 (ECF No. 28 at 4); Hull, under no apparent urgency, seeks December 2 to accommodate her attorney's holiday travel and to use Defendants' discovery responses to supplement her moving papers. (ECF No. 34 at 2:4–8 ("Hull asks the Court to order . . . Plaintiff's reply [ ] be due December 2, 2026 and may include new evidence, such as Epic's discovery responses"), 6:16.) "[I]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers," and such arguments are deemed waived. *Dynetix Design Sols. Inc. v. Synopsys Inc.*, 2013 WL 772670, at *2

(N.D. Cal. Feb. 28, 2013) (citation omitted); *see also McClean v. Solano*, 2024 WL 3747389, at *14 n.16 (N.D. Cal. Aug. 7, 2024); *United States v. Davis*, 2024 WL 1589473, at *3 n.5 (N.D. Cal. Apr. 10, 2024); *M.G. v. Therapymatch, Inc.*, 2024 WL 4219992, at *5 n.4 (N.D. Cal. Sept. 16, 2024); *Padilla v. City of Richmond*, 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020) (each declining to consider arguments first raised on reply). Hull's effort to confine *Dynetix* to new arguments (ECF No. 34 at 6) ignores its express reference to "new facts." And *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), protects the non-movant: a court should not consider new reply evidence without giving the opposing party a chance to respond. It does not license a movant to plan to build its case on reply. Hull's proposed sur-reply—five pages, "limited to evidence first submitted with the reply," eight days after a fifteen-page reply (ECF No. 36 ¶ 3; Civil L.R. 7-4(b))—does not supply that opportunity, and given the scope of Hull's discovery, it is unlikely to afford Epic due process.

### C. The Court Should Not Reset the Arbitration Motion Hearing Date.

Defendants appropriately noticed their arbitration motion for January 7, 2027. The two motions are interrelated and should be heard together. Hull offers no reason why Defendants' motion should follow hers simply because she noticed hers for a far later date, apparently misunderstanding the Local Rules and/or this Court's standing order. Her tactical decision to keep the hearing date on January 7 does not bar Defendants from appropriately noticing their motion on the same date. Hull's reliance on *Optum, Inc. v. Smith*, 360 F. Supp. 3d 52 (D. Mass 2019), and 366 F. Supp. 3d 156 (D. Mass. 2019), to seek a ruling on her injunction motion before arbitrability (ECF No. 34 at 5) is a merits argument about sequencing that belongs in her November 13 opposition to Defendants' motion. Regardless, hearing both motions on January 7 resolves both, with a "healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

## III. CONCLUSION

Defendants respectfully request that the Court (a) deny Hull's Administrative Motion (ECF No. 34) in its entirety; (b) set Hull's reply in support of her Motion for Preliminary Injunction for November 20, 2026, limited to responding to Defendants' opposition; (c) hear the arbitration motion no later than the injunction motion; and (d) grant such other and further relief as the Court deems just.

Dated: November 5, 2026

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/David Szwarcsztejn*

David Szwarcsztejn

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and
BOOST, INC.