MICHAEL BEST & FRIEDRICH LLP
David Szwarcsztejn, Cal. Bar No. 272371
david.szwarcsztejn@michaelbest.com
11812 San Vicente Blvd., Suite 380
Los Angeles, CA 90049
Telephone: 424.299.8900
Facsimile: 877.398.5240

Attorneys for Defendants
EPIC SYSTEMS CORPORATION and
BOOST, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA HULL,<br><br>Plaintiff,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION and BOOST, INC.,<br><br>Defendants. | Case No. 4:26-cv-07702-AMO<br><br>**DECLARATION OF JENNIFER PETERSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: January 7, 2027<br>Hearing Time: 2:00 p.m.<br>Courtroom: 5, 2nd Floor<br><br>Judge: Honorable Araceli Martínez-Olguín |

I, Jennifer Peterson, declare as follows:

1. As indicated in my prior declaration in this case, I am employed by Epic Systems Corporation ("Epic") in Human Resources. I have been employed by Epic for more than 20 years, in Human Resources. I also perform duties for Epic's subsidiaries, including Boost, Inc. ("Boost") (together, Epic and Boost are referred to herein as "Defendants"). I make this declaration based upon my personal knowledge and my review of Defendants' business records.

2. In the course and scope of my position, I have access to Defendants' business records which are maintained in the regular course of business. I have specifically reviewed Defendants' business records relating to Hull's employment with Epic and Boost in making this declaration.

3. Epic and its wholly-owned subsidiaries have more than 15,000 employees, the vast majority of whom live within 45 minutes and are based out of Epic's campus in Verona, Wisconsin.

4. After the passage of California Assembly Bill 1076, between June 2025 and September 30, 2025, Epic sent the email at the bottom of Exhibit A, attached, to employees of Epic or Boost who had relocated to or soon would transfer to California. This was less than 60 people. The email stated, in part, "When you joined Epic, you entered into an employment agreement which restricts you from working for certain companies for a defined period of time. A similar provision is also in our employee stock agreements. Because of California Assembly Bill 1076, these noncompete provisions are void and will not apply to you as long as you live in California. The rest of the provisions continue to apply. If you have questions, please reach out to the Employment Agreements group." I have confirmed by reviewing company records that this email was sent to Andrea Hull on September 30, 2025.

5. Epic's intent in sending these emails was to void all of the restrictions in the covenant not to compete section of the Employment Agreement. In Hull's Boost Employment Agreement, that was Section 4.

6. The phrase "Employment Agreements" in the 2025 email was a hyperlink to Epic's Employment Agreements email list. I was and am a recipient of emails sent to that list. Hull did not send questions regarding what provisions were made void by the email.

7. On July 31, 2026, Epic sent an additional notice to those same employees, including Hull, clarifying the prior notice. The July 31, 2026, notice is the email at the top of Exhibit A. It stated, "Following up on the below email, we wanted to provide a clarification in case it was not previously clear. The referenced noncompete provisions that are (and remain) void and non-applicable while you live or lived in California include any provisions in agreements you may have with any of Epic's subsidiary companies, including Epic Nexus, Inc., EpicCorps International, Inc., Garden Plot, LLC, Boost, Inc., Epic Hosting, LLC, and each of Epic's international subsidiaries. This was always Epic's intention, and we wanted to make sure we were clear on that. In addition, any provision establishing Wisconsin law as the law governing your Employment Agreement(s) with Epic or any subsidiary company will not apply while you live or lived in California."

8. On September 14, 2026, Epic sent an email to Abbott Diabetes Care ("Abbott"), a customer of Epic. Epic and Abbott are parties to a License Agreement under which each party agreed to certain commitments regarding the other party's employees. A true and correct copy of the email is attached as Exhibit B

9. On October 1, 2026, I sent the email attached as Exhibit C to Hull, communicating that Epic and its subsidiaries (including Boost) had waived any restriction on her becoming employed by any Epic customer in California, by virtue of any no-hire, waiting period, or other provisions in any license agreement between Epic and such customers. I also advised her that should she seek employment with any such customer, she could share a copy of this email with them, and if they would seek UserWeb access for her, Epic would not deny access based upon the waived restrictions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 11/6/2026

By: Signed by: Jennifer Peterson 202A3FA97DFE483...
Jennifer Peterson